Opinion issued August 20, 2009 















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01106-CV

__________


KENNETH W. MOSS AND MICHELLE MOSS, Appellants


V.


WASTE MANAGEMENT OF TEXAS, INC., Appellee






On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2005-72220





DISSENTING OPINION


 The majority errs in concluding that the "right to control is an essential
element" of the negligence and premises liability claims brought by appellant,
Kenneth W. Moss, against appellee, Waste Management of Texas, Inc. ("Waste
Management"). Moss's claims are not based upon the vicarious liability of Waste
Management for the acts or omissions of its independent contractor and Moss's
employer, Rustin Transportation Co. ("Rustin"). Rather, the gist of Moss's claims is
that Waste Management was itself directly negligent in its operation and management
of its facility where Moss was injured and that Waste Management created the
dangerous situation in which Moss was injured. Thus, the trial court erred in
submitting a question predicating Waste Management's liability on its right to control
Rustin's work. Accordingly, I respectfully dissent.

Background Facts


 Waste Management entered into a "Loading and Transportation Service
Agreement" with Rustin, which is in the business of providing solid waste loading
and transportation services, to retrieve waste from various Waste Management
transfer stations, load it onto Rustin vehicles, and then transport it to various
municipal landfills. Pursuant to the contract, Rustin could "not refuse" any waste
shipments tendered by Waste Management. 

 Moss was seriously injured when a Rustin eighteen-wheel tractor-trailer, which
had arrived to retrieve waste at Waste Management's WRS Transfer Station, backed
over him. In his Second Amended Petition, Moss alleged,

The WRS Transfer Station was designed and built by Defendant Waste
Management with six (6) dumping bays and one (1) loading bay and was
not designed to facilitate multiple loading areas. On February 26, 2004,
Defendant Waste Management directed more garbage into the WRS
Transfer Station than it was reasonably designed to accommodate with
its one loading bay. Rustin Transportation, unable and unauthorized to
refuse such additional garbage, was forced to utilize a bay that is
designed exclusively for dumping in order to accommodate the
excessive waste. It was during this use of a dumping bay for purposes
of loading a Rustin . . . tractor-trailer that . . . Moss was severely injured.


Moss was a "spotter," whose duties included performing random inspections of
conventional garbage trucks arriving at the transfer station to unload their waste.
Moss would have to leave his spotter position and enter a dumping area to check for
unauthorized waste. Moss further alleged,

Due to the high volume of waste being allowed into the facility by
Defendant Waste Management on February 26, 2004, and the facility's
inadequate design, loading hauling trucks were being directed to load
from dumping bay number six (6). It was during the course of such an
inspection that . . . [Moss] was struck and run over by [a Rustin]
eighteen-wheeled tractor-trailer . . . [which] was backing into a dumping
bay rather than the usual loading area. Defendant Waste Management
had the sole control over the volume of waste allowed into the WRS
Transfer Station. 


 Among other things, Moss alleged that Waste Management failed to use
ordinary care to provide reasonably safe and adequate controlled truck access to its
facility, to provide adequate signage and warning directed to the drivers of trucks
entering its facility and/or to employees of contractors working at its facility, and to
adequately control and/or limit the volume of garbage and traffic entering its
premises. Moss also alleged that Waste Management knew or should have known
that the design of the facility created an unreasonably dangerous or defective
condition on its premises.

"Right to Control"


 Waste Management and the majority have recast Moss's lawsuit as one against
Waste Management for the negligent activity of Rustin. In regard to the liability of
premises owners and general contractors for the negligent activities of independent
contractors, Texas has long recognized the rule that

One who entrusts work to an independent contractor, but who retains the
control of any part of the work, is subject to liability for physical harm
to others for whose safety the employer owes a duty to exercise
reasonable care, which is caused by his failure to exercise his control
with reasonable care.


Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985) (quoting Restatement
(Second) of Torts § 414 (1977)). However, this rule is not applicable here because
Moss is not claiming that he was injured by either the negligent activity of Rustin or
by a premises defect created by Rustin's work. See Dow Chem. Co. v. Bright, 89
S.W.3d 602, 606 (Tex. 2002). Rather, from his petition as quoted above, it is quite
clear that Moss is not pursuing a claim against Waste Management based on any
negligent activity of Rustin or any premises defect created by Rustin. 

 Moss is claiming, quite simply and clearly, that Waste Management, which was
contractually in complete control of the volume of garbage entering and leaving its
facility, overloaded its facility with an excessive amount of garbage and the
associated excessive amount of truck traffic. He asserts that he was injured when a
Rustin eighteen-wheel tractor-trailer, through no fault of Rustin, was "forced" to load
waste at a bay designed "exclusively for dumping." Contrary to Waste
Management's and the majority's characterization of Moss's lawsuit, Moss asserts
that he was injured by the negligence of Waste Management, not Rustin, and a
premises defect created by Waste Management, not Rustin. 

 In support of its characterization of Moss's claims and its holding that "the trial
court did not err in concluding that a right to control is an element of the simple
negligence claim asserted against Waste Management," the majority relies on Dow
Chemical Co. v. Bright, 89 S.W.3d 602 (Tex. 2002). In Dow Chemical, Bright, an
employee of an independent contractor, was injured when a pipe which had been
improperly secured by another employee of the independent contractor, became
unstable and fell on him at a construction site owned by Dow. Id. at 605. Bright sued
Dow, specifically alleging that Dow had retained both contractual and actual control
of the independent contractor's work on Dow's premises when he was injured. Id. 
Bright specifically argued that Dow was subject to liability because the independent
contractor had created a premises defect "by its work activity," i.e., a "dangerous
condition" arose "because of the independent contractor's work activity." Id. at 606.
The Texas Supreme Court concluded that no fact issues existed about the extent of
contractual or actual control retained by Dow. Id. at 605. 

 Here, in stark contrast, Moss is not claiming that a premises defect was in any
way created by Rustin's activities. Rather, as clearly stated in his pleadings, Moss is
alleging that Waste Management, which controlled the volume of garbage entering
and leaving its facility, created the dangerous situation in which Moss was injured by
overloading the transfer station with an excessive volume of garbage and forcing
Rustin to use a bay designed "exclusively for dumping" to load garbage onto an
eighteen-wheel tractor-trailer. He emphasizes that Waste Management's transfer
station "was not designed to facilitate multiple loading areas" that it required Rustin
to use in order to retrieve the excessive shipments of garbage, which Rustin, pursuant
to the contract, could "not refuse." 

 Thus, the issue of whether Waste Management retained a "right to control" the
work of Rustin at the transfer station is not relevant to Moss's claims against Waste
Management for its own negligence and its own creation of a dangerous condition on
its premises. (1) 















Conclusion


 I would hold that the trial court erred in submitting the question to the jury
predicating Waste Management's liability to Moss on its right to control Rustin's
work. Because it is fundamental to our system of justice that parties have the right to
be judged by a jury properly instructed in the law and the trial court's error probably
caused the rendition of a harmful judgment, I would remand the case to the trial court
for a new trial. See Tex. R. App. P. 44.1(a)(1); Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 388 (Tex. 2000). The majority's holding and judgment to the contrary
is in error. Accordingly, I respectfully dissent.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.

Justice Jennings, dissenting.

1. Although question number one of the charge asked the jury to find whether Waste
Management exercised or retained some control over the manner in which Rustin
performed its duties and responsibilities at the transfer station, question number two
made no reference to Rustin and simply asked the jury to find whether the negligence
of Waste Management caused the occurrence in question. Question two further
stated,

 

 With respect to the condition of the premises, [Waste Management] was
negligent if--


 a. the condition posed an unreasonable risk of harm, and


 b. [Waste Management] should have known of the danger, and


 c. [Waste Management] failed to exercise ordinary care to protect
[Moss] from the danger, by both failing to adequately warn
[Moss] of the condition and failing to make that condition
reasonably safe.